**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WALTER D. CLARK,** *et al*.                                              **PLAINTIFF**

**VS.**                                **NO.: 4:12-cv-525 BSM**

**BANK OF AMERICA, N.A.**                                            **DEFENDANT**

**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

Comes the Plaintiff, Walter D. Clark, acting individually and on behalf of all other persons similarly situated, and for his First Amended Complaint ("Complaint") and demand for jury trial states and alleges as follows:

**INTRODUCTION**

1.      This is a civil action seeking class certification and monetary damages, restitution and declaratory relief from Defendant, Bank of America, N.A. ("Bank of America," the "Bank," or "Defendant"), arising from its improper, illegal, unfair, and unconscionable policies and procedures for assessment and collection of fees related to the freezing, garnishment, attachment or other seizure of its customers' funds (collectively referred to as "account seizure"). Where Bank of America is served with a legal order compelling account seizure, the Bank (1) charges fees to its customers that are in violation of the terms of its contract with account holders; and (2) improperly and illegally deducts all of its assessed fees prior to relinquishing the funds to the creditor.

2.      As detailed below, Defendant's actions and omissions breach its contract with Plaintiff and the proposed class; breach the covenant of good faith and fair dealing; constitute

acts of conversion; are acts of wrongful dishonor; and are violations of the Arkansas Deceptive

Trade Practice Act, § 4-88-101 *et seq.*

## THE PARTIES

3.      Plaintiff Walter D. Clark ("Clark") is a resident of Lonoke County, Arkansas.

4.      Upon information and belief, Bank of America is a multinational banking and

financial services company, operating in more than 150 countries.  Bank of America provides

commercial, consumer, and mortgage banking services, as well as trust and financial planning

services to its customers via its 5,600 branches and 16,200 ATM locations worldwide.  As of

June 30, 2012, Bank of America had assets of $2.1 trillion, with total deposits of $1 trillion.

Bank of America is a Delaware Corporation, headquartered at 100 N. Tryon St. in Charlotte,

North Carolina.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction of this action under the Class Action Fairness

Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction

because, on information and belief, the aggregate claims of the putative Class members exceed

$5 million, exclusive of interests and costs, and Plaintiff Clark is a resident of a different state

than Bank of America.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Bank of

America is subject to personal jurisdiction here and regularly conducts business in the Eastern

District of Arkansas, and because a substantial part of the claims asserted herein occurred and

continue to occur in this district.

## COMMON FACTUAL ALLEGATIONS

A.     **Plaintiff Clark is the Subject of a Collection Action, Culminating in a Garnishment Order Being Served Upon Bank of America**

7.     Plaintiff Clark is and has been a checking account customer of Bank of America.

8.     At some time prior to June 19, 2012, Plaintiff Clark served as a guarantor on a loan taken out by his granddaughter, Naquita R. Freeman ("Ms. Freeman"), in order to help Ms. Freeman finance the purchase of a car.

9.     Upon information and belief, the lender in the above-described transaction was Mazda American Credit.

10.     Upon information and belief, at some time prior to June 19, 2012, Ms. Freeman defaulted on her loan.

11.     Upon information and belief, at some time prior to June 19, 2012, Mazda American Credit obtained a judgment against Plaintiff Clark and Ms. Freeman in the amount of $6,781.92.

12.     Upon information and belief, on or about June 19, 2012, the law firm of Hosto & Buchan, PLLC ("Hosto & Buchan" or "creditors") served a Writ of Garnishment on Defendant, arising out of the judgment obtained by Mazda American Credit, for the amount of $6,781.92.

13.     Upon information and belief, the Writ of Garnishment served by Hosto & Buchan attached to funds in a personal account held by Plaintiff Clark and administered by Bank of America, ending in the numbers "6798" ("Plaintiff Clark's account").

14.     On or about June 19, 2012, Bank of America sent a letter to Plaintiff Clark, informing him that the Bank had received a garnishment order, naming Plaintiff Clark and Ms. Freeman as debtors.  The letter stated that Bank of America was "required…by law to hold the full amount of the debt," and that additional funds deposited to Plaintiff Clark's account may be

subject to hold.  Letter from Bank of America to Walter D. Clark, *Re:  Reference #*
*S061912000236* (Jun. 19, 2012).  The letter also informed Plaintiff Clark that the Bank had
garnished $2.82 from his account.

15.    Upon information and belief, Plaintiff Clark had $150.32 in his account at the
time Bank of America received the Writ of Garnishment, not $2.82.

### B.    Bank of America Illegally Deducted Fees From Plaintiff Clark's Account Before Releasing Funds to His Creditor

16.    Upon information and belief, instead of releasing all of the money in Plaintiff
Clark's account to Hosto & Buchan, Bank of America first deducted $147.50 from Plaintiff
Clark's account, charging Plaintiff Clark a $100 "Non-Refundable Processing Fee" and a $47.50
"attorney's fee" for its processing of the garnishment order.

17.    Consequently, Defendant only released $2.82 from Plaintiff Clark's account to
Plaintiff's creditors.

18.    On the date that Bank of America received the Writ of Garnishment from Hosto
& Buchan, Plaintiff Clark had no underlying debt owed to Bank of America that would have
entitled Bank of America to deduct $147.50 from the funds in Plaintiff Clark's account.

19.    The $147.50 in fees assessed by Defendant arose out of being served with the
Writ of Garnishment, and it was therefore improper to deduct such fees *prior* to releasing the
funds in Plaintiff Clark's account to Hosto & Buchan.

20.    Defendant's deduction of $147.50 from Plaintiff Clark's account, prior to
releasing the funds in the account to Hosto & Buchan, was improper.  In the instant matter,
Defendant was a garnishee.  A garnishee is not entitled to apply a debtor's funds to discharge any
obligation of the debtor's that arose after receipt of a legal order compelling an account seizure.

21.     Plaintiff Clark's obligation to pay $147.50 to Defendant arose, if at all, following the receipt of the Writ of Garnishment from Hosto & Buchan.

22.     Had Defendant not deducted its fees prior to releasing the funds in Plaintiff Clark's account, Plaintiff Clark would have partially satisfied the debt owed to his creditors in an amount 53 times greater than the negligible $2.82 that was actually released.

**C.     Bank of America Charged Undisclosed "Attorney's Fees" In Addition to Its Legal Process Fee, In Violation of Its Contract Governing Personal Accounts**

**i.     The Terms of Bank of America's Contract Governing Personal Deposit Accounts**

23.     In a document entitled "Deposit Agreement and Disclosures" (the "Deposit Agreement"), Bank of America states that the document, read in conjunction with the "Personal Schedule of Fees" ("Fee Schedule") articulates a binding contract between Defendant and its personal account holders.  The section reads in pertinent part:

> **Binding Contract**
>
> The *Deposit Agreement and Disclosures*, the applicable *Schedule of Fees*, the signature card and other account opening documents of your account are part of the binding contract between you and us (this "Agreement") for your deposit account and your deposit relationship with us.  They contain the terms of our agreement with you.
>
> ****
>
> This *Deposit Agreement and Disclosures* also summarizes certain laws and regulations that apply to common transactions, provides some disclosures for deposit accounts required by federal law, and establishes terms that cover some transactions or situations that the law does not cover or allows us to change by contract.  **The *Schedule of Fees* lists our accounts and account fees**.
>
> ****
>
> When you complete our account opening documents (as an example, you sign our signature card), request an account, or keep your account open, you acknowledge that you have reviewed and

- 5 -

> understand the terms of this Agreement and you agree to be
> governed by these terms. You understand that these terms, as we
> may change or supplement them periodically, are a binding
> contract between you and us for your deposit account and your
> deposit relationship.

Deposit Agreement at p. 1 (emphasis added) (Ex. A).

24.    Defendant's Fee Schedule provides that the Bank will only charge a "Legal

Process Fee" in the amount of $100 per each occurrence of account seizure. Fee Schedule at p.

13 (Ex. B). An asterisk next to the fee amount directs the reader to additional language, which

states "Or such other rate as may be set by law. Fee applies to each legal order or process that

directs us to freeze, attach or withhold funds or other property." *Id*.

25.    Defendant's Deposit Agreement, in a subsection titled "Legal Process – Subpoena

and Levy," states that their Legal Process Fee is assessed to cover both "administrative

expenses…incur[red] in responding to any legal process related to you account" and "attorney's

fees." Deposit Agreement at p. 33 (Ex. C).

26.    The $100 Legal Process Fee is the only account-seizure-related fee included by

Bank of America as a term of its contract. Nowhere in Defendant's Deposit Agreement or Fee

Schedule is a $47.50 attorney's fee or any other or different fee listed, either in relation to costs

assessed as a result of an account seizure or for any other occurrence.

### D.    Bank of America's Policies and Procedures for the Assessment and Deduction of Garnishment-Related Fees Harmed Plaintiff Clark

27.    At all times relevant to this litigation, Plaintiff Clark is and has been a checking

account customer of Bank of America.

28.    Bank of America violated the law, where it deducted $147.50 for fees arising out

of the garnishment of Plaintiff Clark's account before releasing the funds in his account to his

creditor.

29.     Bank of America did not have a legal right to deduct money for processing fees before releasing the funds, and therefore should have released the full $150.32 in Plaintiff Clark's account to his creditors.

30.     Instead of applying $150.32 – the full amount of funds in Plaintiff Clark's account – Bank of America only relinquished $2.82, or 1.87% of the amount it could and should have applied toward his debt.

31.     Bank of America's illegal conduct threatens to prolong the satisfaction of Plaintiff Clark's debt, and to generate additional, unnecessary and improper fees by a significant magnitude, to the economic benefit of the Bank and the economic detriment of Plaintiff.  At the absolute minimum, Plaintiff Clark will have had to pay an additional $147.50 in improperly assessed and deducted fees in order to satisfy his debt, in addition to the interest and penalties that accrue on his underlying debt.  In the worst case scenario, however – in which each future garnishment yields a comparable $2.82 in satisfaction of the debt – there will have to be roughly 2,405 garnishments in order for his debt to be paid.  This process would take approximately 200 years, generating an attendant $354,737 in bank fees.

32.     Further, Bank of America has breached its contract with Plaintiff Clark, as articulated by its Deposit Agreement and Fee Schedule, where it charged $47.50 in attorney's fees in addition to the $100 Legal Process Fee listed in its Fee Schedule.  Nowhere in either the Deposit Agreement or the Fee Schedule does the Bank list a $47.50 attorney's fee, to be charged in the event of an account seizure.  Instead, the Bank only lists the $100 Legal Process Fee, which covers both administrative costs and attorney expenses, per the language of the Deposit Agreement.

33.    Based on information and belief, the improperly calculated and deducted account seizure fees paid by Plaintiff Clark are representative of millions of dollars of identically improper fees that Bank of America has wrongfully removed from its customers' accounts.

34.    Bank of America's wrongful calculation and deduction of the fees described herein has harmed Plaintiff Clark and members of the Class.  The following allegations regarding the named Plaintiff are made for purposes of illustrating the harm and damage sustained by Plaintiff Clark and members of the Class as a result of Bank of America's failure to abide by the law and by the terms of its contract with its customers.

### E.    **The Damages Sustained by Plaintiff Clark and the Class**

35.    Bank of America's failure or refusal to comply with the law and the terms of its contract with its account holders jeopardizes the financial security of some of its most vulnerable customers.

36.    As a consequence of Bank of America's garnishment policies and practices, Plaintiff Clark and the Class have been wrongfully forced to pay unnecessary, improper, and illegal fees, in a manner that prohibits them from satisfying legal debts.  Bank of America has illegally deprived Plaintiff Clark and the Class of significant funds, causing ascertainable monetary losses and damages.

37.    As a consequence of Bank of America's failure to comply with the terms of its contract, and thus charging customers roughly 50% more in fees than set forth in the binding contract, Bank of America has wrongfully deprived Plaintiff Clark and the Class of funds to which it had no legitimate claim.

38.    As a consequence of Bank of America's failure to abide by the law and turn over the entirety of an account holder's funds in its possession upon receipt of an order requiring

account seizure, Defendant subjects each account holder who is the target of such an action to, *at the minimum*, an additional $147.50 in unnecessary fees.

39.     Plaintiff Clark and members of the Class should not have had either the $100 Legal Process Fee or the $47.50 attorney's fee deducted from their accounts before Bank of America released their money to their respective creditors or otherwise complied with the legal order requiring account seizure.

40.     All conditions precedent to the relief sought herein have either occurred or have been performed or waived.

## CLASS ALLEGATIONS

41.     Plaintiff brings this action individually and on behalf all others similarly situated pursuant to Federal Rules of Civil Procedure 23.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

42.     Plaintiff seeks certification for the following Classes (collectively referred to as "the Classes"):

**THE WRONGFUL FEE CLASSES**

43.     **The Wrongful Fee Class** is defined as follows:  All persons who reside within the United States who had funds in their bank accounts at Bank of America subjected to account seizure and had an "attorney's fee," or any other fee in addition to the "Legal Process Fee" set forth in the controlling contract, assessed against them by the Bank as a result of the account seizure.

44.     **The Arkansas Wrongful Fee Subclass** is defined as follows:  All persons who reside within the State of Arkansas who had funds in their bank accounts at Bank of America subjected to account seizure and had an "attorney's fee," or any other fee in addition to the

"Legal Process Fee" set forth in the controlling contract, assessed against them by the Bank as a result of the account seizure.

45.    Plaintiff reserves the right to modify or amend the definition of the proposed Wrongful Fee Class before the Court determines whether certification is appropriate.

46.    Excluded from each Class are Bank of America, its parents, subsidiaries, affiliates, officers and directors, any entity in which Bank of America has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

**THE WRONGFUL SETOFF CLASSES**

47.    **The Wrongful Setoff Class** is defined as follows:  All persons who reside within the United States who had funds in their bank accounts at Bank of America subjected to account seizure, had fees assessed against them by the Bank as a result of the account seizure, and had said fees deducted by Bank of America prior to, and as a setoff to, funds in the account being released to the creditor.

48.    **The Arkansas Wrongful Setoff Class** is defined as follows:  All persons who reside within the State of Arkansas who had funds in their bank accounts at Bank of America subjected to account seizure, had fees assessed against them by the Bank as a result of the account seizure, and had said fees deducted by Bank of America prior to, and as a setoff to, funds in the account being released to the creditor.

49.    Plaintiff reserves the right to modify or amend the definition of the proposed Wrongful Setoff Class before the Court determines whether certification is appropriate.

50.    Excluded from each Class are Bank of America, its parents, subsidiaries, affiliates, officers and directors, any entity in which Bank of America has a controlling interest,

- 10 -

all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

51.    The members of the Classes are so numerous that joinder is impractical.  The Classes consist of thousands of members, the identities of whom, upon information and belief, is within the knowledge of Bank of America and can be ascertained only by resort to Bank of America's records.

52.    The claims of the representative Plaintiff are typical of the claims of the Wrongful Fee Classes, in that the representative Plaintiff, like all Class members, had his Bank of America deposit account subjected to account seizure and was assessed fees in violation of the terms of his contract.  The claims of the representative Plaintiff are typical of the claims of the Wrongful Setoff Classes in that the representative Plaintiff, like all Class members, had bank fees illegally deducted from his account, as a result of his account being subjected to account seizure, prior to the release of the funds in his account to the appropriate creditor.  The representative Plaintiff, like all Class members, has been damaged by Bank of America's misconduct in that Plaintiff had his Bank of America deposit account subjected to account seizure, was assessed fees in violation of the terms of his contract with the Bank as a result, and had said fees illegally deducted from his account prior to the release of the funds in his account to the appropriate creditor, which acts have profoundly impaired Plaintiff's ability to satisfy the debts giving rise to the garnishment. Moreover, upon information and belief, the policies and practices of Bank of America complained of herein are systemic.  Thus, the representative Plaintiff, like all other Class members, faces substantial risk of the same injury in the future.  The factual basis of Bank of America's misconduct is common to all Class members, and represents a common thread of conduct resulting in injury to all members of the Class.

53.    There are numerous questions of law and fact common to the Classes, and those common questions predominate over any questions affecting only individual Class members including, but not limited to, the following:

a.    For the Wrongful Fee Classes, whether Bank of America's assessment of a $47.50 attorney fee for account seizure, or of any other fee in addition to the "Legal Process Fee" established by the binding contract, amounts to a breach of contract;

b.    For the Wrongful Fee Classes, whether Bank of America's assessment of a $47.50 attorney fee for account seizure, or of any other fee in addition to the "Legal Process Fee" established by the binding contract, amounts to a breach of the covenant of good faith and fair dealing;

c.    For the Wrongful Fee Classes, whether Bank of America's assessment of a $47.50 attorney fee for account seizure, or any other fee in addition to the "Legal Process Fee" established by the binding contract, amounts to acts of conversion;

d.    For the Wrongful Setoff Classes, whether Bank of America's policies and procedures governing the deduction of fees in the event of account seizure amount to acts of conversion;

e.    For the Wrongful Setoff Classes, whether Bank of America's policies and procedures governing the deduction of fees in the event of account seizure amount to acts of wrongful dishonor;

f.    For the Arkansas Wrongful Fee Class and the Arkansas Wrongful Setoff Class, whether Bank of America violates the Arkansas Deceptive Trade Practices Act through its policies and procedures related to the assessment and deduction of fees arising out of account seizures; and

- 12 -

g.      For all Classes, whether Bank of America continues to commit wrongdoing through its policies and procedures related to the assessment and deduction of garnishment-related fees.

54.    Other questions of law and fact common to the Class include:

a.      The proper method or methods by which to measure damages, and

b.      The declaratory relief to which the Classes are entitled.

55.    Plaintiff's claims are typical of the claims of other members of both Classes, in that they result from Defendant's policies and procedures governing the assessment and deduction of fees related to account seizure.  Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

56.    Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of both the Classes.

57.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Bank of America, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the Class members will continue to suffer losses and Bank of America's misconduct will proceed without remedy.

58.    Even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.

- 13 -

Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Brought on behalf of the Wrongful Fee Classes)**

59.     Plaintiff repeats all paragraphs above.

60.     Plaintiff and members of the Class have contracted with Bank of America for bank account deposit, checking, ATM and debit card services.

61.     Pursuant to the terms of the contract between Bank of America and Plaintiff, the Bank may only charge fees in accordance with the terms of the contract.

62.     Plaintiff and the Class have performed all, or substantially all, of the obligations imposed upon them under the terms of their respective contracts with Bank of America.

63.     Bank of America breached its binding contract with Plaintiff and the Class each time it charged a $47.50 attorney's fee, or any other fee in addition to the $100 Legal Process Fee set forth in the contract, for fees and expenses resulting from account seizure.

64.     Additionally, under the laws of the states where Bank of America does business, good faith is an element of every contract pertaining to the administration of a bank account. Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually

obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power by neglecting to comply with all relevant laws that govern banking, generally, constitute examples of bad faith in the performance of contracts.

65.    Subterfuge and evasion, even if by the omission of an act one is obligated to perform, violate the obligation of good faith in performance even when an actor believes his conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

66.    Bank of America has breached the covenant of good faith and fair dealing through its assessment of additional fees outside of those articulated in its contract.

67.    Plaintiff and members of the Class have sustained damages as a result of Bank of America's breach of contract and breach of the covenant of good faith and fair dealing.

## SECOND CLAIM FOR RELIEF
### Conversion
### (Brought on behalf of the Wrongful Fee Classes)

68.    Plaintiff repeats all paragraphs above.

69.    Plaintiff Clark and members of the Classes owned or were otherwise entitled to possess the funds in their accounts with Bank of America.

70.    Bank of America intentionally took or exercised dominion or control over these funds by assessing attorney's fees or other fees in addition to its Legal Process Fee, arising out of legal orders compelling account seizure, served to obtain money from the accounts of Plaintiff

and members of the Classes, in satisfaction of debts, in violation of the rights of Plaintiff Clark and the members of the Classes.

71.    Bank of America had and continues to have a duty to maintain and preserve its customers' checking accounts and to prevent their diminishment through its own wrongful acts.

72.    Bank of America intends to permanently deprive Plaintiff and the members of the Classes of these funds.

73.    Plaintiff and the members of the Classes are entitled to the immediate possession of these funds.

74.    Bank of America has wrongfully converted these specific and readily identifiable funds.

75.    Bank of America's wrongful conduct is continuing.

76.    As a direct result of this wrongful conversion, Plaintiff and the members of the Classes have suffered and continue to suffer damages.

77.    By reason of the foregoing, Plaintiff and the members of the Classes are entitled to recover from Bank of America all damages and costs permitted by law, including all amounts that Bank of America has wrongfully converted.

## THIRD CLAIM FOR RELIEF
### Conversion
### (Brought on behalf of the Wrongful Setoff Classes)

78.    Plaintiff repeats all paragraphs above.

79.    Plaintiff Clark and members of the Classes owned or were otherwise entitled to possess the funds in their accounts with Bank of America.

80.    Bank of America intentionally took or exercised dominion or control over these funds by deducting bank fees, arising out of legal orders compelling account seizure, before

relinquishing the funds to the creditors of Plaintiffs and members of the Class, in violation of the rights of Plaintiff Clark and the members of the Classes.

81.    Bank of America had and continues to have a duty to maintain and preserve its customers' checking accounts and to prevent their diminishment through its own wrongful acts.

82.    Bank of America intends to permanently deprive Plaintiff and the members of the Classes of these funds.

83.    Plaintiff and the members of the Classes are entitled to the immediate possession of these funds.

84.    Bank of America has wrongfully converted these specific and readily identifiable funds.

85.    Bank of America's wrongful conduct is continuing.

86.    As a direct result of this wrongful conversion, Plaintiff and the members of the Classes have suffered and continue to suffer damages.

87.    By reason of the foregoing, Plaintiff and the members of the Classes are entitled to recover from Bank of America all damages and costs permitted by law, including all amounts that Bank of America has wrongfully converted.

## FOURTH CLAIM FOR RELIEF
### Wrongful Dishonor
**(Brought on behalf of the Wrongful Setoff Classes)**

88.    Plaintiff repeats all paragraphs above.

89.    Plaintiff Clark and members of the Class owned or were otherwise entitled to possess the funds in their accounts with Bank of America.

90.    A function of this ownership includes the right to have any legal order compelling account seizure honored, and attendant debts discharged, to the full extent allowable by law.

91.    Where Bank of America assessed and deducted fees against the funds in the respective accounts of Plaintiff Clark and members of the Class, prior to releasing the funds in said accounts to the creditor, the Bank wrongfully dishonored a legal attempt to collect a debt owed by its account holder, in violation of U.C.C. § 4-402 as adopted in Ark. Code Ann. § 4-4-402 and all other comparable state statutes in that the Bank failed to honor the full, properly payable amount of the item presented by the creditor.

92.    Bank of America's wrongful dishonor of items drawn by creditor on the respective accounts of Plaintiff and members of the Class is intentional.

93.    As a result of Bank of America's conduct described herein, Plaintiff Clark and members of the class have suffered and will continue to suffer damages.

94.    By reason of the foregoing, Plaintiff and members of the Class are entitled to recover from Bank of America all damages and costs permitted by law, including but not limited to actual damages.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Arkansas Deceptive Trade Practice Act**
**(Ark. Code Ann. § 4-88-101 *et seq.*)**
**(Brought on behalf of the Arkansas Wrongful Fee Class**
**and the Arkansas Wrongful Setoff Class)**

95.    Plaintiff repeats all paragraphs above.

96.    Bank of America's policies and practices relating to the assessment and deduction of fees arising out of account seizure are violations of the Arkansas Deceptive Trade Practices Act §4-88-101 *et seq.* ("ADPTA").

97.     Specifically, Bank of America violated, and continues to violate, the ADTPA by failing to disclose to customers in its contract the entirety of fees it assesses against customer funds in the event of account seizure.

98.     Additionally, Bank of America violated, and continues to violate, the ADTPA by failing to disclose to customers its policy of illegally deducting fees assessed against funds in the event of account seizure, prior to releasing the funds to creditors.

99.     Plaintiff and the Classes were unreasonably and unconscionably charged excessive account-seizure-related fees, and had such fees deducted illegally from funds that should have been released, unmolested, to their respective creditors.  Such actions were undertaken by Bank of America unlawfully and without contractual authority.

100.     Plaintiff and the Classes seek actual damages plus interest on damages at the legal rate, as well as all other just and proper relief afforded by the ADTPA.

101.     As a result of Bank of America's violations of the ADTPA prohibiting unfair and deceptive acts and practices, Plaintiff and members of the Classes have suffered monetary damages for which the Bank is liable.

102.     As redress for Bank of America's repeated and ongoing violations of these consumer protection statutes, Plaintiff and the Classes are entitled to, *inter alia*, damages and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays:

A.     That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that Plaintiff is a proper and adequate class representative for the each of the classes described herein; that the best practicable notice of this action be given to members of the Classes;

B.      That judgment be entered against Bank of America and in favor of Plaintiff and the Classes on the Causes of Action in this Complaint, for actual, compensatory damages and restitution in an amount to be determined at trial;

C.      That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against Bank of America; and

D.      For all other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  October 2, 2012.

Respectfully submitted,

Hank Bates, ABN 98063
Randall K. Pulliam, ABN 98015
Darrin L. Williams, ABN 94069
CARNEY WILLIAMS BATES
    PULLIAM & BOWMAN
11311 Arcade Drive; Suite 200
Little Rock, Arkansas  72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
hbates@carneywilliams.com


BY:     /s/ Hank Bates
        HANK BATES, ABN 98063